IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-392-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| DANIEL CARL DEEL, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of the proposed third-party custodian, his girlfriend. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a one-count indictment on 13 December 2012 with possession of a firearm by a felon on 13 August 2012 in violation of 18 U.S.C. §§ 922(g)(1) and 924. The evidence presented at the hearing showed that the charges arise from a hit-and-run accident on the alleged offense date in which defendant, while traveling in an area known for the sale of drugs, struck a parked car and left the scene. After police stopped defendant's car a short time

later, they found a .17 caliber, unloaded rifle lying in plain view on the back seat. A search of the car located inside it heroin (packaged in baggies), crack cocaine, a hypodermic needle, and a crack pipe. At the time, defendant had been convicted of two felonies.

Defendant was stopped again on 11 September 2012 for reckless driving, almost hitting other vehicles. Police found defendant sitting on a quantity of heroin. There were also empty heroin baggies throughout the car. The area in which defendant was driving prior to being stopped is known for drug dealing.

Defendant lives with the proposed custodian and her 14-year-old daughter.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including the presence of drugs and drug paraphernalia in defendant's vehicle and the location of the vehicle in a known drug-dealing area; defendant's criminal record, including the felony convictions noted and 10 misdemeanor convictions, although all but one of these convictions was obtained in or before 2002 (the one exception being a DWI obtained in 2008); defendant's apparent addiction to heroin and the lack of any treatment for it; the danger of drug-related offense conduct by defendant if released due to his addiction and history of noncompliance with the law; the unsuitability of the proposed third-party custodial arrangement (notwithstanding the clear qualification the proposed custodian to serve) due to the presence of a minor in the home, the extent of the risk of danger to the minor and others presented by defendant's drug addiction-related activity, and the regular absence of the proposed

custodian from the home for fulltime work; and the other findings and reasons stated in open court.

As discussed in open court, there could conceivably be a release plan adequate for defendant. Such a plan would need to reasonably address immediately the danger arising from defendant's apparent addiction to heroin. Factors tending to support the potential viability of such a revised release plan include the strength of the proposed third-party custodian, the age of the vast majority of defendant's convictions, and the nature (*i.e.*, relatively low caliber rifle) and unloaded status of the firearm involved in the instant alleged offense. Defendant may present a revised release plan to the court by appropriate motion.

## **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 21st day of December 2012.

_____
James E. Gates
United States Magistrate Judge